**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TAMPA**
**TAMPA DIVISION**

| | |
|---|---|
| PRITESH PATEL, M.D. and PAYAL PATEL,<br><br>     Plaintiffs,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and BARCLAYS BANK DELAWARE,<br><br>     Defendants. | CASE NO. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs, PRITESH PATEL, M.D. ("Dr. Patel") and PAYAL PATEL ("Mrs. Patel") (hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, sue Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and BARCLAYS BANK DELAWARE ("Barclays") (hereinafter collectively "Defendants"), and in in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans

Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiffs, disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Dr. Patel is a natural person and resident of Hillsborough County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.     Mrs. Patel is a natural person and resident of Hillsborough County in the State of Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.      Venue is proper in this District as Plaintiffs reside in this District, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

10.     Equifax is a corporation incorporated under the State of Georgia, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal address in the State of California, authorized to do business in the State of Florida, through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal address in the State of Illinois, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Barclays is a FDIC insured state-chartered bank with its principal office located at 125 S. West Street in Wilmington, Delaware 19801 that conducts business in the State of Florida.

20.     Barclays is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     Barclays furnished inaccurate information about Plaintiff to the CRAs.

**FACTUAL ALLEGATIONS**

22.     Plaintiffs are alleged to owe a debt to Barclays as to a credit card, partial account number 000355647434**** ("Barclays Account"). Plaintiffs never applied for or gave permission to anyone to apply using their information for this account.

23.     Plaintiffs are alleged to owe a debt to non-party, Truist Bank/BB&T, as to a credit card, partial account number 414724**** ("Truist Account"). Plaintiffs never applied for or gave permission to anyone to apply using their information for this account.

4

24.     In or about July 2022 and December 2022, Plaintiffs first became aware of fraudulent activity when they received notices in the mail regarding a change in address to location in Tampa, Florida. Plaintiffs never requested a change in address and did not rent a mailbox at the address in Tampa, Florida.

25.     Shortly thereafter, believing they were victims of identity theft, Plaintiffs began to contact their banks to close their current accounts and alert the banks to the possible identity theft.

26.     On or about January 4, 2023, Plaintiffs filed a police report with the Hillsborough County Sheriff as to the identity theft.

27.     In or about January 2023, Mrs. Patel called Experian to dispute the Barclays Account. She explained that the account did not belong to her and was not authorized by her.

28.     Mrs. Patel never received results for her telephonic dispute from Experian.

29.     Experian failed to do any independent investigation into Mrs. Patel's dispute, but rather parroted information it received from the furnisher, Barclays.

30.     Upon information and belief, Experian notified Barclays of Mrs. Patel's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

31.     In or about February 2023, Dr. Patel mailed a written dispute to Experian and called Experian multiple times to dispute the Barclays Account. He explained the account did not belong to him and was not authorized by him.

32.     Dr. Patel never received results for his written dispute or multiple telephonic disputes from Experian.

33.     Experian failed to do any independent investigation into Dr. Patel's dispute, but rather parroted information it received from the furnisher, Barclays.

34.     Upon information and belief, Experian notified Barclays of Dr. Patel's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

35.     On or about April 3, 2023, Mrs. Patel obtained copies of her credit reports and upon review found hard inquiries she did not recognize and personal identifying information that was incorrect and/or not hers. Further, the following inaccurate and fraudulent accounts were being reported on her credit file:

     i.     Truist Account reporting a status of "Closed. $189 past due as of March 2023" with a balance of $891 on her Equifax, Experian, and Trans Union credit reports; and

     ii.     Barclays Account reporting a status of "Open" and pay status of 30 days past due in November 2022 on her Experian credit report.

36.     On or about April 3, 2023, Dr. Patel obtained copies of his credit reports and upon review found hard inquiries he did not recognize and personal identifying information that was incorrect and/or not his. Further, the following inaccurate and fraudulent accounts were being reported on her credit file:

     i.     Barclays Account reporting a status of "Open" and pay status of 30 days past due in November 2022 and January 2023 on his Trans Union credit report;

     ii.     Barclays account ending in x4837 reporting a status of "Pays as Agreed" with a balance of $15 on his Equifax credit report; and

6

iii.    Barclays account ending in x6130 reporting a status of "Pays as Agreed" with a balance of $10,457 on his Equifax credit report.

37.    In response to the inaccurate reporting, Plaintiffs each sent written dispute letters to Equifax, Experian, and Trans Union. In their letters, Plaintiffs advised that they were reporting hard inquiries, addresses, and phone numbers which they did not recognize, were incorrect and/or did not belong to them. Plaintiffs explained that they were victims of identity theft and that the Truist Account and Barclays Account did not belong to them. Plaintiffs provided images of their driver's license to confirm identity. Plaintiff's also provided images from their credit reports of the erroneous reporting and a copy of the Hillsborough County Sheriff's police report.

38.    On April 10, 2023, Mrs. Patel mailed her written dispute letters via USPS Certified Mail to Equifax (7022 3330 0001 9801 3769), Experian (7022 3330 0001 9801 3783), and Trans Union (7022 3330 0001 9801 3769).

39.    On April 11, 2023, Dr. Patel mailed his written dispute letters via USPS Certified Mail to Equifax (7022 3330 0001 9801 3790), Experian (7022 3330 0001 9801 3776), and Trans Union (7022 3330 0001 9801 3752).

40.    On April 19, 2023, Equifax responded to Mrs. Patel's written dispute by requesting additional documents to confirm her identity.

41.    On April 19, 2023, Equifax responded to Dr. Patel's written dispute by requesting additional documents to confirm his identity.

42.    Equifax never attempted to contact Plaintiffs during the alleged investigations.

43.    Equifax failed to do any independent investigation into Plaintiffs' disputes, but rather parroted information it received from the furnisher, Barclays.

44.    Upon information and belief, Equifax notified Barclays of Plaintiffs' disputes. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigations.

45.    Mrs. Patel never received dispute results in the mail from Experian.

46.    Despite delivery confirmation on April 14, 2023, Dr. Patel never received dispute results in the mail from Experian.

47.    Experian never attempted to contact Plaintiffs during the alleged investigations.

48.    Experian failed to do any independent investigation into Plaintiffs' disputes.

49.    On April 18, 2023, Mrs. Patel received a post card from Trans Union advising that an alert had been added to her credit file, but Mrs. Patel never received dispute results in the mail from Trans Union.

50.    Despite delivery confirmation on April 13, 2023, Dr. Patel never received dispute results in the mail from Trans Union.

51.    Trans Union never attempted to contact Plaintiffs during the alleged investigations.

52.    Trans Union failed to do any independent investigation into Plaintiffs' disputes.

53.    Upon information and belief, Trans Union notified Barclays of Dr. Patel's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

54.    On or about May 8, 2023, Mrs. Patel obtained copies of her credit reports. To her relief, the Truist Account was no longer being reported on any of her credit reports. However, upon review she found the CRAs were still reporting hard inquiries she did not

recognize and personal identifying information that was incorrect and/or not hers. Further, the fraudulent Barclays Account was still being reported on her Experian credit file with a status of "Open", 30 days past due in November 2022, and now with a balance of $5,533.

55.     On or about May 8, 2023, Dr. Patel obtained copies of his credit reports. To his relief, the Barclays account ending in x4837 and Barclays account ending in x6130 were no longer being reported on his Equifax credit report. However, upon review he found the CRAs were still reporting hard inquiries he did not recognize and personal identifying information that was incorrect and/or not his. Further, the fraudulent Barclays Account was now being reporting on his Equifax credit report in addition to still being reported on his Trans Union credit file with a status of "Open", 60 days past due, and now with a balance of $5,533.

56.     In response to the continued inaccurate reporting, on May 18, 2023, Dr. Patel sent written dispute letters to Equifax, Experian, and Trans Union. In his letter, Plaintiff advised that they were reporting hard inquiries, addresses, and phone numbers which he did not recognize, were incorrect and/or did not belong to him. Plaintiff reiterated that he was a victim of identity theft and that the Barclays Account did not belong to him. Dr. Patel provided images of his driver's license and social security card to confirm his identity. Dr. Patel also provided images of any dispute results he received, images from his credit reports of the erroneous reporting, and a copy of the Hillsborough County Sheriff's police report.

57.     On June 16, 2023, Trans Union responded to Dr. Patel's written dispute by stating the Barclays Account had been removed from his credit file.

58.     On June 20, 2023, Equifax responded to Dr. Patel's written dispute by stating the Barclays Account had been removed from his credit file.

59.     Dr. Patel never received dispute results in the mail from Experian.

60.     On July 12, 2023, Mrs. Patel obtained a copy of her Experian credit reports and observed that Experian continued to report the fraudulent Barclays Account was now reporting a status of "Open. $95 past due as of June 2023", 30 days past due in November 2022 and June 2023, and an updated balance of $7,043.

61.     Despite her best efforts to have the fraudulent account corrected, Experian continues to report the fraudulent Barclays account on Mrs. Patel's credit report. Accordingly, Plaintiffs' damages are ongoing as of the filing of this Complaint.

62.     Experian simply continues to parrot off the back of Barclays and has not conducted an actual investigation despite Mrs. Patel's pleas.

63.     Plaintiffs continue to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into their disputes or otherwise make their credit files accurate.

64.     As a result of the inaccurate credit reporting, Plaintiffs have suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix their credit;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiffs are being physically affected by Defendants' reluctance to fix the errors;

    iv.    Reduction in credit score;

    v.    Apprehensiveness to apply for credit due to the fear of rejection; and

    vi.    Defamation as the CRAs published inaccurate information to third party entities.

**COUNT I**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

65.     Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

66.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiffs.

67.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiffs, during the dispute process or from calling witnesses with knowledge about the dispute.

68.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiffs suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

69.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiffs provided the Hillsborough County Sheriff's police report, which contained sworn testimony of the fraud.

70.     Equifax's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

71.     Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

72.    Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

73.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiffs.

74.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiffs, during the dispute process or from calling witnesses with knowledge about the dispute.

75.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiffs suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

76.    Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiffs provided the Hillsborough County Sheriff's police report, which contained sworn testimony of the fraud.

77.     Equifax's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

78.     Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C § 16811i as to
### Defendant, Equifax Information Services LLC (Negligent)

79.     Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

80.     After receiving Plaintiffs' disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiffs' credit files after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files, and (4) relying upon verification from a source it has to know is unreliable.

81.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiffs' disputes and simply transferred the duty to investigate to the furnisher(s).

82.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiffs suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

83.    Equifax's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

84.    Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

85.    Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

86.    After receiving Plaintiffs' disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiffs' credit files after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files, and (4) relying upon verification from a source it has to know is unreliable.

87.    Despite the large amount of information and documentation produced by Plaintiffs demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiffs' disputes and simply transferred the duty to investigate to the furnisher(s).

88.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiffs suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

89.    Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

90.    Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

91.    Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

92.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiffs.

93.    Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiffs, during the dispute process or from calling witnesses with knowledge about the dispute.

94.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiffs suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

95.    Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiffs provided the Hillsborough County Sheriff's police report, which contained sworn testimony of the fraud.

96.    Experian's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

97.    Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT VI**</u>
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

98.    Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

99.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiffs.

100.    Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiffs, during the dispute process or from calling witnesses with knowledge about the dispute.

101.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiffs suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

102.    Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiffs provided the Hillsborough County Sheriff's police report, which contained sworn testimony of the fraud.

103.    Experian's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

104.    Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SERVICES, INC., jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>COUNT VII</u>
**Violation of 15 U.S.C § 16811i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

105.    Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

106.    After receiving Plaintiffs' disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiffs' credit files after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files, and (4) relying upon verification from a source it has to know is unreliable.

107.    Despite the large amount of information and documentation produced by Plaintiffs demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiffs' disputes and simply transferred the duty to investigate to the furnisher(s).

108.    Experian failed to respond to Plaintiffs' dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiffs did not receive any documentation about their detailed dispute letter.

109.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiffs suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish,

humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

110.    Experian's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

111.    Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violation of 15 U.S.C § 16811i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

112.    Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

113.    After receiving Plaintiffs' disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiffs' credit files after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files, and (4) relying upon verification from a source it has to know is unreliable.

114.    Despite the large amount of information and documentation produced by Plaintiffs demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiffs' disputes and simply transferred the duty to investigate to the furnisher(s).

115.    Experian failed to respond to Plaintiffs' dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiffs did not receive any documentation about their detailed dispute letter.

116.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiffs suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

117.    Experian's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

118.    Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**<u>COUNT IX</u>**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

119.    Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

120.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiffs.

121.    Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiffs, during the dispute process or from calling witnesses with knowledge about the dispute.

122.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiffs suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

123.    Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiffs provided the Hillsborough County Sheriff's police report, which contained sworn testimony of the fraud.

124.    Trans Union's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

125.    Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT X**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

126.    Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

127.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiffs.

128.    Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiffs, during the dispute process or from calling witnesses with knowledge about the dispute.

129.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiffs suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

130.    Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiffs provided the Hillsborough County Sheriff's police report, which contained sworn testimony of the fraud.

131.    Trans Union's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

132.    Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual or statutory damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**<u>COUNT XI</u>**
**Violation of 15 U.S.C § 16811i as to**
**Defendant, Trans Union LLC (Negligent)**

133.    Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

134.    After receiving Plaintiffs' disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiffs' credit files after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files, and (4) relying upon verification from a source it has to know is unreliable.

135.    Despite the large amount of information and documentation produced by Plaintiffs demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiffs' disputes and simply transferred the duty to investigate to the furnisher(s).

136.    Trans Union failed to respond to Plaintiffs' dispute letters, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiffs did not receive any documentation about their detailed dispute letters.

137.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiffs suffered damages, including without limitation, loss of ability to benefit from lower

interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

138.    Trans Union's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

139.    Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT XII**
**Violation of 15 U.S.C § 16811i as to**
**Defendant, Trans Union LLC (Willful)**

140.    Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

141.    After receiving Plaintiffs' disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiffs' credit files after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files, and (4) relying upon verification from a source it has to know is unreliable.

142.    Despite the large amount of information and documentation produced by Plaintiffs demonstrating the fraud, Trans Union refused to conduct any independent

investigations into Plaintiffs' disputes and simply transferred the duty to investigate to the furnisher(s).

143.    Trans Union failed to respond to Plaintiffs' dispute letters, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiffs did not receive any documentation about their detailed dispute letters.

144.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiffs suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

145.    Trans Union's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

146.    Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual or statutory damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Barclays Bank Delaware (Negligent)

147.    Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

148.    Barclays furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiffs' potential lenders.

149.    After receiving Plaintiffs' disputes, Barclays violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiffs' dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

150.    Plaintiffs provided all the relevant information and documents necessary for Barclays to have identified that the account did not belong to Plaintiffs.

151.    Barclays did not have any reasonable basis to believe that Plaintiffs were responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiffs were not the responsible party, including information provided to Barclays by Plaintiffs in connection with their disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiffs. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiffs were victims of identity theft.

152.    Barclays violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

153.    As a result of the conduct, action, and/or inaction of Barclays, Plaintiffs suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

154.    Barclays' conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

155.    Plaintiffs are entitled to recover reasonable attorney's fees and costs from Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual damages against Defendant, BARCLAYS BANK DELAWARE, jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Barclays Bank Delaware (Willful)

156.    Plaintiffs re-allege and reincorporate paragraphs one (1) through sixty-five (65) above as if fully stated herein.

157.    Barclays furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiffs' potential lenders.

158.    After receiving Plaintiffs' disputes, Barclays violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiffs' disputes of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs;

and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

159.    Plaintiffs provided all the relevant information and documents necessary for Barclays to have identified that the account did not belong to Plaintiffs.

160.    Barclays did not have any reasonable basis to believe that Plaintiffs were responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiffs were not the responsible party, including information provided to Barclays by Plaintiffs in connection with their disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiffs. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiffs were victims of identity theft.

161.    Barclays violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

162.    As a result of the conduct, action, and/or inaction of Barclays, Plaintiffs suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

163.    Barclays' conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

164.    Plaintiffs are entitled to recover reasonable attorney's fees and costs from Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, respectfully request that this Court award actual or statutory damages and punitive damages against Defendant, BARCLAYS BANK DELAWARE, jointly and severally; award Plaintiffs their attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, PRITESH PATEL, M.D. and PAYAL PATEL, demands judgment for damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and BARCLAYS BANK DELAWARE, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 4th day of August 2023.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com